UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7-ELEVEN, INC.,

Plaintiff,

v.

GURINDER KAUR, et. al.,

Defendants.

Case No. 2:12-cv-01687-MMD-VCF

ORDER

(Plf.'s Motion for Order to Show Cause –
dkt. no. 2)

Before the Court is Plaintiff 7-Eleven, Inc.'s Motion for Order to Show Cause Why a Temporary Writ of Restitution and a Temporary Writ of Possession Should Not Issue or Alternatively, for Preliminary Injunctive Relief. (Dkt. no. 2.) For the reasons set forth below, the Motion is granted.

Plaintiff filed this diversity action on September 25, 2012, seeking compensatory and injunctive relief for various alleged violations of Plaintiff's franchise agreements with Defendants Gurinder Kaur, Ravinder Grewal, Sukhmani Corporation, and G&K Enterprises, LLC. According to the Complaint, Kaur entered into a franchising agreement with Plaintiff to become a franchisee and operate one of Plaintiff's convenience stores. This agreement provided that the franchisee shall not assign or transfer her interest to a third party without Plaintiff's approval, and that such a transfer constitutes a material breach of the agreement. Plaintiff alleges that Kaur secretly transferred 50% of her interest to Grewal through the formation of a jointly-owned business organization, G&K Enterprises, LLC. In addition, Plaintiff alleges that Kaur

1   entered into a second franchise agreement with Plaintiff without disclosing Kaur's earlier

2   transfer to Grewal.  Finally, Plaintiff alleges that Kaur and Sukhmani Corporation failed to

3   disclose the earlier prohibited transfer when they entered into a later assignment

4   agreement between Kaur, Sukhmani Corporation, and Plaintiff to transfer Kaur's

5   franchisee interest to Sukhmani.  Based on these violations, Plaintiff filed this lawsuit

6   alleging unlawful detainer of Plaintiff's property and breach of contract, seeking to

7   recover compensatory damages as well as a court-ordered writ to re-possess its real

8   property and re-take various secured properties on the premises.

9          Concurrent with the filing of its Complaint, Plaintiff filed this instant Motion seeking

10  a court order to show cause as to why a temporary writ of restitution and a temporary

11  writ of possession should not issue.  Plaintiff seeks the order pursuant to NRS §

12  40.300(3), which allows for the issuance of a temporary writ of restitution after a

13  response to an order to show cause is filed, and pursuant to NRS § 31.853, which allows

14  for the taking of property unlawfully held by a defendant.

15         The record before the Court supports Plaintiff's request for an order to show

16  cause.  The franchise agreement entered into by Plaintiff and Kaur on April 2002

17  expressly prohibited transfers of the franchisee's interest without consent.  (*See* dkt. no.

18  1-2 at ¶ 27 ("Exhibit 2," Store Franchise Agreement).)  The allegedly secret transfer

19  agreement was entered into on June 12, 2002, between Kaur and Grewal.  (*See* dkt. no.

20  1-5 ("Exhibit 3," Operating Agreement).)   The Second Store Franchise Agreement

21  entered into after the execution of the Operating Agreement also expressly prohibited

22  transfers of the franchisee's interest without consent.  (*See* dkt. no. 1-6 at ¶ 25(b)

23  ("Exhibit 3," Second Store Franchise Agreement).)  Further, the Second Store Franchise

24  Agreement requires that no misrepresentation was made in connection with obtaining

25  the franchise.  (*See* dkt. no. 1-6 at ¶ 6(c).)  These documents, in addition to others

26  provided by Plaintiff, raise questions as to whether Defendants are unlawfully in

27  possession of Plaintiff's property.

28  ///

1   Accordingly, Defendants will have fifteen (15) days from the date of receipt of this

2   Order to show cause as to why a temporary writ of possession and temporary writ of

3   restitution shall not issue.  Plaintiff shall serve this Order, along with the Complaint and

4   Motion, on all Defendants.

5        IT IS SO ORDERED.

6        ENTERED THIS  27th day of September 2012.

7

8   _____
    UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28